THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

|  |  |
|---|---|
| MICHELE BLANCHARD <br> 2102 E. Marlboro Ave., Apt. 101 <br> Landover, MD 20785 <br>         Plaintiff, <br><br> v. <br><br> SHEEHY FORD OF MARLOW HEIGHTS <br> 500 Auth Rd, <br> Marlow Heights, MD 20746 <br>         Defendant. | ) <br> ) <br> ) <br> ) <br> )    Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Michele Blanchard ("Plaintiff" or "Blanchard"), through her attorneys at the Clark Law Group, PLLC, hereby alleges as follows:

## NATURE OF ACTION

1. This is a challenge to Defendant Sheehy Ford of Marlow Heights ("Defendant") unlawful discrimination and retaliation against Plaintiff in violation of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*; and for interference and retaliation in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C § 2601 *et seq.*

## JURISDICTION AND VENUE

2. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

3. The United States District Court for the District of Columbia has original jurisdiction over the instant action pursuant to 28 U.S.C. §1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

4. The Court has subject-matter jurisdiction pursuant to 29 U.S.C. § 2617(a)(2), as this matter involves a civil action by an aggrieved person under the FMLA.

5. Pursuant to Md. Code, Cts. & Jud. Proc. § 6-102, the Court has personal jurisdiction over Defendant because it conducts business in the state of Maryland.

6. Venue is appropriate pursuant to 28 U.S.C. § 1391 because a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in the Division.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

8. Plaintiff has satisfied the procedural and administrative requirements for proceeding under the ADA as follows:

   a. On August 25, 2020, Plaintiff filed a charge of failure to engage in the interactive process with the U.S. Equal Employment Opportunity Commission ("EEOC").

   b. On January 17, 2021, Plaintiff amended her charge to include retaliation and termination with the U.S. Equal Employment Opportunity Commission ("EEOC").

   c. Plaintiff's charge described her disabling condition and termination following requests for accommodation for her disabling condition.

   d. Plaintiff's claims of disability discrimination, retaliation and termination are thus within the scope of her charge.

   e. On March 31, 2021, Plaintiff received a Notice of Right to Sue from the EEOC.

9. Plaintiff's FMLA claims do not require an exhaustion of remedies.

## PARTIES

10. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

11. Plaintiff is a resident of Landover, Maryland.

12. Plaintiff is female.

13. Plaintiff is former employee of Defendant.

14. Plaintiff was employed at Defendant's dealership located at 500 Auth Rd, Marlow Heights, MD 20746.

15. Defendant is a Maryland corporation that conducts business in the state of Maryland.

16. Defendant is an "employer" within the meaning of the ADA, and FMLA.

17. On information and belief, Defendant employs more than 50 individuals within a 75-mile radius of 500 Auth Rd, Marlow Heights, MD 20746.

## FACTS

18. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

19. Defendant is a franchise of a corporation that operates various car dealerships throughout the United States.

20. By 2020, Ms. Blanchard was employed as a Tag and Title Clerk.

### Ms. Blanchard Develops a Disability

21. In or around October 2018, Ms. Blanchard developed a medical condition.

22. On October 10, 2018, Ms. Blanchard's physician diagnosed her with carpel tunnel syndrome, which impacted one or more major life activities.

23. Ms. Blanchard's physician recommended she only be able to work six hours per day, five days per week, due to her condition.

24. Ms. Blanchard's carpal tunnel syndrome is bilateral, it substantially impacts her ability to use her both wrists in repetitive motions.

25. Ms. Blanchard's carpal tunnel syndrome was a disability under the ADA.

26. Ms. Blanchard's carpal tunnel syndrome was serious health conditions under the FMLA.

### Ms. Blanchard Informs Management About Her Medical Issues, and Intent to Seek FMLA Leave and Telework

27. On or around January 26, 2020, Ms. Blanchard informed the management team that as of February 10, 2020, she will be requesting a leave of absence due to her medical condition.

28. Ms. Blanchard stated that she intended to work part-time until February 10, 2020 and would contact the appropriate managers of her return on or before the end of the time requested.

29. In January 2020, Ms. Blanchard is informed by management that she is not eligible for job protected leave under the FMLA.

30. Ms. Blanchard requested an accommodation to telework, which would allow her to care for her condition until her FMLA is approved.

31. Defendant did not respond to Ms. Blanchard's request.

### Defendant Fails to Engage in an Interactive Process

32. On February 7, 2020, Ms. Blanchard primary care physician referred her to see a specialist for her condition.

33. Ms. Blanchard provided the referral to management.

34. On February 7, 2020, Ms. Blanchard called Shawn Lumpkins, Human Resource Director, to talk to him about her FMLA. He did not answer her call.

35. On February 10, 2020, Ms. Blanchard again called Mr. Lumpkins and left a message regarding her FMLA paperwork.

36. On February 18, 2020, Ms. Blanchard contacted another management member to get information on how to reach Mr. Lumpkins.

### Defendant Terminates Ms. Blanchard

37. On February 18, 2020, Ms. Blanchard informed Mr. Lumpkins that she will be seeing a hand specialist on February 20th to fill out her FMLA paperwork.

38. Ms. Blanchard once again asked Mr. Lumpkins to call her to discuss her FMLA paperwork.

39. On February 18, 2020, Mr. Lumpkins emailed Ms. Blanchard saying he had not received any communication from her, and she has not proved her need for FMLA.

40. Defendant terminated Ms. Blanchard on February 18, 2020.

### Defendant Accommodates Disabling Employees

41. Defendant provides reasonable accommodations to employees with disabling conditions.

42. Defendant did not accommodate Ms. Blanchard's disabling condition.

## COUNT I: DISCRIMINATION BECAUSE OF DISABILITY/PERCEIVED DISABILITY

43. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

44. On or around January 26, 2020, Ms. Blanchard disclosed she had a medical condition to management.

45. Carpal Tunnel Syndrome is a disability under the ADA.

46. Within one month of informing Defendant of her medical condition, Defendant terminated Ms. Blanchard.

47. Defendant terminated Ms. Blanchard because of her disability.

## COUNT II: FAILURE TO ACCOMMODATE

48. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

49. On or around January 26, 2020, Ms. Blanchard disclosed her medical condition to management and that she would be requesting FMLA.

50. Ms. Blanchard also requested an accommodation to telework.

51. Carpal Tunnel Syndrome is a disability under the ADA.

52. Ms. Blanchard requested time for her disability and an accommodation to telework.

53. From February 7, 2020, to February 18, 2020, Defendant did not respond to Ms. Blanchard's request for information on her FMLA paperwork.

54. Defendant failed to engage in the interactive process to accommodate Ms. Blanchard's disability.

55. As a result of Defendant's failure to engage in the interactive process, Defendant terminated Ms. Blanchard.

## COUNT III: RETALIATION

56. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

57. On or around January 26, 2020, Ms. Blanchard informed the management team that as of February 10, 2020, she will be requesting FMLA in the future due to medical conditions.

58. Ms. Blanchard requested an accommodation to telework while addressing her disability.

59. From February 7, 2020, to February 18, 2020, Defendant did not respond to Ms. Blanchard's phone calls regarding her FMLA paperwork.

60. Ms. Blanchard's requests for leave were protected activity under the ADA and FMLA.

61. On February 18, 2020, Defendant terminated Ms. Blanchard.

62. Defendant terminated Ms. Blanchard because she requested FMLA leave and telework accommodation.

63. Defendant knew that Ms. Blanchard expressly requested FMLA leave and telework, instead of inquiring with her as required by law, it terminated her.

64. Defendant's conduct was willful.

### COUNT IV: FMLA INTERFERENCE

65. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

66. On or around January 26, 2020, Ms. Blanchard told her supervisors that she had a medical condition and that she would be requesting FMLA in the future and requested telework.

67. On January 30, 2020, Ms. Blanchard receives a Designation Notion of her FMLA from the U.S. Department of Labor.

68. On February 7, 2020, Ms. Blanchard's primary care physician referred her to see a hand specialist for her medical condition.

69. From February 7, 2020, to February 18, 2020, Defendant did not respond to Ms. Blanchard's phone calls.

70. Rather than calling Ms. Blanchard and inquiring about whether her absences were FMLA-qualifying, as required by 29 C.F.R. § 825.301(a), Defendant decided to terminate her because of her absence.

71. Defendant's conduct was willful.

72. Defendant's conduct has prejudiced Ms. Blanchard because Defendant terminated her health benefits and salary.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court grant the following relief:

A. Entry of judgment in favor of Plaintiff against Defendant;

B. Back pay;

C. Compensatory damages pursuant to the ADA;

D. Liquidated damages pursuant to the FMLA;

E. Punitive damages;

F. Pre-judgment interest as may be allowed by law;

G. Attorney's fees and costs; and

H. Other such relief as may be appropriate.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: June 27, 2021